IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MICHAEL COLEMAN #560692 | § | |
| v. | § | CIVIL ACTION NO. 6:09cv216 |
| WARDEN MASSEY, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Coleman, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Coleman complains that he has been given work assignments which he cannot do, specifically alleging that in July of 2008, he was made to work in the kitchen despite having an injured back and that he had to work as a janitor for 19 months, although he concedes that he is now in a medical squad. He also complains that his medical problems were not diagnosed correctly, that he has been prescribed unnamed drugs which the FDA considers "dangerous," and that his receipt of medical boots was delayed for a year.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted that Coleman has a long history of filing frivolous lawsuits and that he is subject to the "three strikes" bar enacted by Congress in 28 U.S.C. §1915(g). In the present case, the Magistrate Judge said, Coleman did not pay the filing fee nor show that he

is in imminent danger of serious bodily injury as of the time of the filing of the lawsuit. The Magistrate Judge observed that allegations of past harm do not suffice, because the exception to the bar exists when there is "a genuine emergency" where "time is pressing," a circumstance which Coleman failed to show. The Magistrate Judge thus recommended that Coleman's application for leave to proceed *in forma pauperis* be denied and that the lawsuit be dismissed.

Coleman filed a motion for extension of time in which to object to the Magistrate Judge's Report, which motion was granted. The objections which he filed assert that he cannot afford to pay the full filing fee and requests permission to pay $20.00 per month until the fee is paid. Coleman also says that he has been told that he has had the same work restrictions since January of 2007, and that he has been forced to work in violation of these restrictions, although he was medically unassigned at the time that the complaint was filed.

Coleman's request to be allowed to pay the filing fee in installments is in effect a request to have the *in forma pauperis* statute applied to his case, which is foreclosed by 28 U.S.C. §1915(g). Because he has accumulated three strikes as defined by Section 1915(g), he cannot pay the fee in installments; he must pay the full fee at the outset of the case, or show that he is in imminent danger of serious physical injury as of the time that the case was filed. Coleman has done neither, and so his objections to the Magistrate Judge's Report are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Plaintiff's complaint, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented,

but without prejudice as to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment of the full $350.00 filing fee. Should Coleman pay the full filing fee within 30 days following the date of entry of the final judgment, he shall be allowed to proceed as though the full fee was paid from the outset. It is further

ORDERED that any and all motions which may be pending in this civil action, specifically including but not limited to the Plaintiff's application for leave to proceed *in forma pauperis*, are hereby DENIED.

**SIGNED this 11th day of August, 2009.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE